IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMILY ANNE MUMME, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:20-cv-100-RWS-KPJ |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | § § § § | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Emily Anne Mumme's ("Plaintiff") Petition for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA") (the "Motion") (Dkt. 25), filed October 25, 2021, wherein Plaintiff seeks $4,216.41 in attorney fees for work completed in 2020 and 2021. *See id*. at 9. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("the Commissioner"), filed a response in opposition, wherein the Commissioner objects to the hourly rate Plaintiff requested for work completed in 2021. *See* Dkt. 26. Plaintiff filed a reply on November 11, 2021. *See* Dkt. 27. For the reasons set forth below, the Court recommends the Motion (Dkt. 25) be **GRANTED**.

**I.  ANALYSIS**

In order to award attorney fees in a social security action under the EAJA, the Court must determine that: (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; (3) there are no special circumstances that make an award unjust; and (4) the requested fees and costs are reasonable. 28 U.S.C. § 2412(b), (d)(1)(A). The burden of proving substantial justification is on the government. *Prince v. Colvin*, 94 F. Supp. 3d 787, 794

(N.D. Tex. 2015) (citing *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001)). "Substantial justification" under the EAJA means that the government's position must have a reasonable basis both in law and in fact. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (citing *Baker v. Brown*, 839 F.2d 1075, 1080 (5th Cir. 1988)). The Court remanded this case to the Social Security Administration after determining that the Administrative Law Judge ("ALJ") improperly evaluated a treating provider's opinion regarding Plaintiff's fingering ability. *See* Dkts. 20–21. In her response, the Commissioner does not argue that her litigation position was substantially justified or that there are special circumstances that make an EAJA award unjust. *See* Dkt. 26. Therefore, the Court recommends finding that Plaintiff is the prevailing party, that the Commissioner's position was not substantially justified, and that there are no special circumstances that make an award unjust.

Turning to whether Plaintiff's requested fees are reasonable, Plaintiff's Motion seeks attorney fees for 20.6 hours expended in this case: (a) 15.25 hours for work completed in 2020 at an hourly rate of $201.20; and (b) 5.35 hours for work completed in 2021 at an hourly rate of $214.60. *See* Dkt. 25 at 8–9. In sum, Plaintiff seeks attorney fees in the amount of $4,216.41. *Id*. The Commissioner's sole objection to the requested fee amount is the $214.60 hourly rate Plaintiff requests for work completed in 2021. *See* Dkt. 26 at 1.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee." *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006). "These factors are market based, not individualized . . . ." *Id*. When

a given locale has experienced a significant change in the cost of living, the Court should increase the hourly rate beyond the nominal statutory cap. *See Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In addition, the Fifth Circuit does "not mandate rate uniformity across the entire federal district" as "rate disparities between courts serving two different markets is more than reasonable." *Yoes*, 467 F.3d at 427 (holding that district courts in San Angelo and Abilene did not abuse their discretion when applying rates that deviated from the Dallas division rate). Thus, divisions within a district can have different hourly rates under the EAJA, so long as the fees are uniform within a particular division. *See id*.

Here, the hourly rates sought by Plaintiff exceed $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that increased hourly rates are justified in this case due to increases in the cost of living. In support of this argument, counsel for Plaintiff has proffered a Consumer Price Index ("CPI") report published by the U.S. Bureau of Labor and Statistics for the Dallas-Fort Worth-Arlington, Texas statistical area, which covers "the counties of Collin, Dallas, Denton, Ellis, Hood, Hunt, Johnson, Kaufman, Parker, Rockwall, Somervell, Tarrant, and Wise." *See* Dkt. 25 at 13; *see also* Consumer Price Index, Dallas-Fort Worth-Arlington Area, https://www.bls.gov/regions/southwest/news-release/consumerpriceindex_dallasfortworth.htm (last accessed April 19, 2022). "CPI reports routinely are recognized as proof of cost of living increases that justify awarding attorney's fees in excess of the $125 maximum statutory rate." *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006). "Typically, excess fee applicants calculate requested

fees by using the 1996 annual CPI index as the base factor (mathematically, the "divisor" or "denominator") and the annual CPI index for the year in which professional services were rendered as the comparison factor (mathematically, the "dividend" or "numerator")." *Id.* at 634 n.5. "The quotient derived from dividing the comparison factor by the base factor is multiplied by $125 to produce an adjusted hourly rate to reflect a cost of living increase." *Id.*

Utilizing the CPI for Dallas-Fort Worth-Arlington, Texas, counsel for Plaintiff has calculated an adjusted hourly rate of $214.60 for work completed in 2021. *See* Dkt. 25 at 7–8. The Commissioner objects to Plaintiff's suggested 2021 rate, arguing that the $214.60 hourly rate is excessive because it is based on the CPI for Dallas-Fort Worth-Arlington, Texas. *See* Dkt. 26 at 1–2. The Commissioner submits the Court should instead award fees consistent with the CPI for the South, which results in a slightly lower hourly rate of $210.38. *Id.*

The Court recommends finding that it was reasonable for Plaintiff to apply the CPI for Dallas-Fort Worth-Arlington, Texas because this case was filed and litigated in the Sherman Division of the Eastern District of Texas. The CPI for Dallas-Fort Worth-Arlington, Texas includes some of the counties that the Sherman Division serves, including in particular Collin County where the Plano courthouse is located. Plaintiff also resides in Plano, *see* Dkt. 1, which is in Collin County. In addition, the Court notes that Plaintiff utilized the CPI for Dallas-Fort Worth-Arlington, Texas to calculate hourly rates for both 2020 and 2021, but the Commissioner has only lodged a CPI-objection to the 2021 rate. As Plaintiff points out, the Commissioner offers no explanation as to why it was reasonable for Plaintiff to utilize the CPI for Dallas-Fort Worth-Arlington, Texas for work done in 2020, but not reasonable to do so for work done in 2021. In light of the foregoing, the Court recommends finding that the CPI for Dallas-Fort Worth-Arlington, Texas was an appropriate index for Plaintiff to use in calculating the increased cost of living. Plaintiff's request

for an hourly rate of $214.60 for work completed in 2021 should be deemed reasonable in this case.

Accordingly, Plaintiff should be awarded fees as follows:

(1) 15.25 hours at an hourly rate of $201.20 for work done in 2020, which totals $3,068.30;

(2) 5.35 hours at an hourly rate of $214.60 for work done in 2021, which totals $1,148.11.

Adding the above amounts results in a total award of $4,216.41.

## **RECOMMENDATION**

Therefore, the Court recommends the Motion (Dkt. 25) be **GRANTED**, and Plaintiff be awarded attorney fees under the EAJA in the amount of **$4,216.41**. The Court further recommends that the award be made payable to Plaintiff and sent to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 21st day of April, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE