## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| EMILY ANNE MUMME, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  4:20-CV-00100-RWS-KPJ |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The above-titled and numbered action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636.  On April 21, 2022, the Magistrate Judge entered proposed findings of fact and recommendation (the "Report") that that Plaintiff Emily Anne Mumme's Petition for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA") (Docket No. 25) be granted.  Docket No. 28.

Because no objections to the Magistrate Judge's Report have been filed, neither party is entitled to *de novo* review by the District Judge of those findings, conclusions, and recommendations, and except on grounds of plain error, they are barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).  Nonetheless, the Court has reviewed the briefing (Docket Nos. 25, 26, 27) and the Magistrate Judge's Report (Docket No. 28) and agrees with the Report.  *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give the

magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 423 U.S. 261, 275 (1976).  Accordingly, it is hereby

**ORDERED** that the Report of the Magistrate Judge (Docket No. 28) is ADOPTED as the opinion of the Court.  It is further

**ORDERED** that the Motion (Docket No. 25) is **GRANTED** and Plaintiff is awarded attorney fees under the EAJA in the amount of **$4,216.41**.  It is further

**ORDERED** that the award be made payable to Plaintiff and sent to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**So ORDERED and SIGNED this 17th day of May, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE